# EXHIBIT

# A

This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

| STATE OF ILLINOIS,<br>CIRCUIT COURT<br><br>DuPage      COUNTY | **SUMMONS** | For Court Use Only |
|---|---|---|

| Instructions ▾ | | |
|---|---|---|
| Enter above the county name where the case was filed. | Taura Brown, indiv. & on behalf of the Class, | |
| Enter your name as Plaintiff/Petitioner. | **Plaintiff / Petitioner** (First, middle, last name) | |
| Enter the names of all people you are suing as Defendants/Respondents. | v. | 2019L000699 |
| Enter the Case Number given by the Circuit Clerk. | Screening Reports, Inc. dba BetterNOI,<br>**Defendant / Respondent** (First, middle, last name) | **Case Number** |

In 1, if your lawsuit is for money, enter the amount of money you seek from the Defendant/ Respondent.

In 2, enter your contact information. If more than 1 person is bringing this lawsuit, attach an *Additional Plaintiff/Petitioner Contact Information* form.

In 3, enter the name of the person you are suing and their address. If more than 1 person is being sued, attach an *Additional Defendant/Respondent Contact Information* form.

1. **Information about the lawsuit:**
   Amount claimed: $ _____

2. **Contact information for the Plaintiff/Petitioner:**
   Name (First, Middle, Last): Richard D. Schwartz
   Street Address, Apt #: Berger Montague PC, 1818 Market St, Suite 3600
   City, State, ZIP: Philadelphia, PA 19103
   Telephone: (612) 594-5995
   ☐ See attached for additional Plaintiff/Petitioner contact information

3. **Contact information for the Defendant/Respondent:**
   Name (First, Middle, Last): Registered Agent Joseph S. Messer
   Street Address, Apt #: 225 W Washington St, #575
   City, State, ZIP: Chicago, IL 60606
   Telephone: _____
   ☐ See attached for additional Defendant/Respondent contact information

| **Important Information for the person receiving this form:** | You have been sued.<br>Follow the instructions on the next page on how to appear/answer.<br><ul><li>If you do not appear/answer the court may decide the case without hearing from you and enter a judgment against you for what the plaintiff/petitioner is asking.</li><li>Your written appearance/answer must be filed on time and in the proper form.</li><li>Forms for a written appearance/answer are available here:<br>http://www.illinoiscourts.gov/forms/approved/default.asp</li></ul>If you cannot afford to pay the fee for filing your appearance/answer, ask the circuit clerk for an *application for waiver of court fees.*<br>You should read all of the documents attached. |
|---|---|

This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

| STATE OF ILLINOIS,<br>CIRCUIT COURT<br><br>DuPage _____ COUNTY | AFFIDAVIT OF SERVICE OF<br>SUMMONS AND<br>COMPLAINT/PETITION | For Court Use Only |
|---|---|---|
| **Instructions**<br>Enter above the county name where the case was filed.<br><br>Enter your name as Plaintiff/Petitioner.<br><br>Enter the name of the person you are suing as Defendant/Respondent.<br><br>Enter the Case Number given by the Circuit Clerk. | Taura Brown, indiv. & on behalf of the Class,<br>**Plaintiff / Petitioner** *(First, middle, last name)*<br><br><br>V.<br><br>Screening Reports, Inc. dba BetterNOI,<br>**Defendant / Respondent** *(First, middle, last name)* | <br><br><br><br><br>**Case Number** |

\*\*Stop. Do not complete the form. The sheriff will fill in the form.\*\*

| DO NOT complete this section. The sheriff will complete it. | My name is _____ and I swear under oath |
|---|---|

My name is _____ and I swear under oath
*First, Middle, Last*
that I served the *Summons* and Complaint/Petition on the Defendant/Respondent

_____ **as follows:**
*First, Middle, Last*

☐ Personally on the Defendant/Respondent:
Male: ☐  Female: ☐  Approx. Age: _____  Hair Color: _____
Height: _____  Weight: _____
On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
Address: _____
City, State, ZIP: _____

☐ At the Defendant/Respondent's home:
On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
Address: _____
City, State, ZIP: _____
And left it with: _____
*First, Middle, Last*
Male: ☐  Female: ☐  Approx. Age: _____
and by sending a copy to this defendant in a postage-paid, sealed envelope to the
above address on _____ , 20 _____ .

☐ On the Corporation's agent, _____
*First, Middle, Last*
On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
Address: _____
City, State, ZIP: _____

Enter the Case Number given by the Circuit Clerk: _____

| DO NOT complete this section. The sheriff, or private process server will complete it. |
|---|

**By:**

_____
*Signature*

_____
*Print Name*

**FEES**

| | |
|---|---|
| By certified/registered | $ _____ |
| Service and Return | $ _____ |
| Miles: _____ | $ _____ |
| Total $ _____ | |

Chris Kachiroubas
e-filed in the 18th Judicial Circuit Court
DuPage County
ENVELOPE: 5576280
2019L000699
FILEDATE: 6/27/2019 11:08 AM
Date Submitted: 6/27/2019 11:08 AM
Date Accepted: 6/27/2019 12:33 PM
MP

**IN THE CIRCUIT COURT OF
DUPAGE COUNTY, ILLINOIS
LAW DIVISION**

TAURA BROWN,
individually and as a representative of
the Classes,

     Plaintiff,

v.

Screening Reports Inc. d/b/a BetterNOI,

     Defendant.

Civil Action No. 2019L000699 _____

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

   Taura Brown ("Plaintiff"), by and through her attorneys, on behalf of herself, and the

Classes set forth below, brings this Class Action Complaint against Screening Reports, Inc. d/b/a

BetterNOI ("Defendant"), pursuant to the federal Fair Credit Reporting Act ("FCRA").

## <u>INTRODUCTION</u>

   1.  This consumer class action is brought under the FCRA against a tenant screening

company that routinely and systematically violates the FCRA by reporting outdated, non-criminal

convictions that are older than seven years. 15 U.S.C. § 1681c.

   2.  Specifically, Defendant falsely reported that Plaintiff had been convicted of a

felony, when in fact she had only been convicted of a misdemeanor. Moreover, Defendant

misleadingly reported Plaintiff and others who have violated the conditions of their probation as

having committed separate crimes, even though probation violations are not crimes.

   3.  Defendant's inaccurate reporting exaggerates and misstates the extent of

consumers' criminal records and portrays consumers as much worse potential tenants than they

actually are.

4.     Further, because Defendant falsely characterizes probation violations as crimes, Defendant reports probation violations for longer than the allowable seven year period for the reporting of non-criminal conduct allowed by the FCRA.

5.     As Defendant's practices were routine and systematic, Plaintiff asserts claims for damages on behalf of herself and two classes of similarly situated individuals on whom Defendant produced consumer reports.

## THE PARTIES

6.     Plaintiff Taura Brown is an individual and a resident of Ecorse, Michigan.  Ms. Brown's first name is legally spelled "Tara," but she at times goes by her birth name spelling of "Taura."

7.     Defendant Screening Reports, Inc. d/b/a Better NOI is a consumer reporting agency as defined by the FCRA, 15 U.S.C. § 1681a(f).  On its website, Defendant touts itself as "a national provider of background screening services for the multifamily industry." https://www.screeningreports.com/about.cfm (last visited June 17, 2019).  Defendant's headquarters are located in Wood Dale, Illinois in DuPage County.

## JURISDICTION AND VENUE

8.     This Court has jurisdiction over Plaintiff's claims pursuant to 15 U.S.C. § 1681p, which allows claims under the FCRA to be brought in any court of competent jurisdiction.

9.     This Court has jurisdiction over Plaintiff's claims and personal jurisdiction over Defendant pursuant to the Illinois Code of Civil Procedure because Defendant does business within this state, transacts business within this state, employed individuals within this state, and many of the events or omissions giving rise to this claim occurred in this state.

10.     Venue is proper in this Court pursuant to 735 ILCS 5/2-101 because Defendant

maintains its principal place of business in this County and therefore resides in DuPage County. Further, the illegal reports at issue likely originated in and/or were approved by Defendant in this County; therefore, some part of the transaction out of which this case arose occurred in this County.

## STATUTORY BACKGROUND

11.     Despite its name, the Fair Credit Reporting Act regulates not only credit reports, but also criminal background checks.

12.     Enacted in 1970, the FCRA's passage was driven in part by two related concerns: first, that consumer reports were playing a central role in people's lives at crucial moments, such as when they applied for a job or credit, and when they applied for housing. Second, despite their importance, consumer reports were unregulated and had widespread errors and inaccuracies.

13.     While recognizing that consumer reports play an important role in the economy, Congress wanted consumer reports to be "fair and equitable to the consumer" and to ensure "the confidentiality, accuracy, relevancy, and proper utilization" of consumer reports. 15 U.S.C. § 1681.

14.     The FCRA imposes duties on consumer reporting agencies to ensure that consumer reports are accurate and that "consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681.

15.     Under 15 U.S.C. § 1681e(b), consumer reporting agencies are required "to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

16.     Under 15 U.S.C. § 1681c(a), a report may not include dismissed or amended charges, "records of arrest" or "any other adverse item of information, other than the records of

3

convictions of crime," that antedate the report by more than seven years. 15 U.S.C. §§ 1681c(a)(2), (5).

## ALLEGATIONS RELATING TO PLAINTIFF'S CLASS ACTION CLAIMS

17.     In January 2019, Plaintiff applied to rent an apartment at 9100 at Gratiot, an affordable housing development in Detroit, Michigan managed by Continental Management LLC.

18.     As part of the application process, Continental Management ordered a background check on Plaintiff from Defendant.  The background check contained information bearing on Plaintiff's "character, general reputation, personal characteristics, or mode of living" and was thus a consumer report governed by the FCRA, 15 U.S.C. § 1681a(d).

19.     Plaintiff has a misdemeanor conviction for assault from 2001 in Wayne County, Michigan.  In 2006, she violated the conditions of her probation regarding that charge.

20.     Under both Michigan and federal law, a violation of probation or similar conditions of release is not a crime.  *People v. Kaczmarek*, 628 N.W. 2d, 484, 487 (Mich. 2001) ("[V]iolation of probation is not a crime, and a ruling that probation has been violated is not a new conviction."); *Johnson v. United States*, 529 U.S. 694, 700 (2000).

21.     Under a section entitled "Criminal Records," Defendant's background check listed Plaintiff's assault conviction as a **"FELONY"** with an "Offense Date" of "4/27/2001."

22.     This was false.  Plaintiff's charge was reduced to a misdemeanor as part of her plea.  She was never convicted of felony assault and has no felonies on her record.  This is confirmed by a cursory review of the online docket for her criminal case.

23.     Defendant's report, in a separate entry, also listed Plaintiff's 2006 probation violation as "Show Cause Hearing on Probation Violation" and listed it as a separate **"FELONY"**

4

with an "Offense Date" "4/27/2001" and a "Disposition Date" of "8/10/2006." The relevant portion of Defendant's report is shown below.

| FELONY GUILTY | ASSAULT - AGGRAVATED | WAYNE, MI 01005803 | 04/27/2001 08/23/2001 |
|---|---|---|---|
| FELONY GUILTY | SHOW CAUSE HEARING ON PROBATION VIOLATION | WAYNE, MI 01005803 | 04/27/2001 08/10/2006 |

24.  It is false to state that Plaintiff was convicted of a felony assault.

25.  It is also false to state that the probation violation was a separate crime or that it was a "felony" of which Plaintiff had been convicted.  A probation violation is neither a crime nor a criminal act.

26.  Further, because the probation violation was not a "conviction of a crime," it was far too old to be included on Plaintiff's report.

27.  Defendant's report inaccurately characterized Plaintiff's criminal background.  It grossly exaggerated the extent of Plaintiff's criminal record and included non-conviction information that was too old to be reported.

28.  Plaintiff disputed the reporting with Defendant.  After Plaintiff's dispute, Defendant altered the report to change both the initial assault offense and the probation violation to be "misdemeanors."  This reporting was also inaccurate because the probation violation was *not a crime*.

29.  Because of Defendant's report, Plaintiff was not eligible for the apartment.

30.  Defendant's report harmed Plaintiff's reputation, invaded her privacy, and caused her distress.

### DEFENDANT'S ILLEGAL BUSINESS PRACTICES

31.  Defendant sells criminal background checks to landlords that are used to evaluate potential tenants..

5

32.    Defendant fails to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

33.    Defendant inaccurately lists probation violations as separate crimes and labels those offenses as a "felony" or "misdemeanor." A probation violation is not a crime and is thus neither a felony nor a misdemeanor.

34.    Further, Defendant's reports contain obsolete information. When a consumer reporting agency furnishes a consumer report to the consumer or a third party, the agency is required to exclude adverse items of information which antedate the consumer report by more than seven years. 15 U.S.C. § 1681c(a)(5).

35.    This prohibition includes the reporting of non-conviction information that antedates the report by more than seven years. For example, dismissed criminal charges may not be reported. *See* 15 U.S.C. §§ 1681c(a)(2), (a)(5); *see also Avila v. NOW Health Grp., Inc.*, No. 14 C 1551, 2014 WL 3537825, at *3-*4 (N.D. Ill. July 17, 2014) (holding that the "express language of the FCRA" mandates that "a consumer reporting agency may not include any adverse item of information other than a 'record of conviction' not a 'record of dismissed charges'"); *Haley v. Talentwise, Inc.*, 9 F. Supp. 3d 1188, 1192-95 (W.D. Wash. 2014) (finding that under the "plain language" of the FCRA, a "dismissed charge from over seven years ago is both a 'record of arrest' and 'adverse' information that [a consumer reporting agency] is prohibited from including in [a] consumer report") (citing *Serrano v. Sterling Testing Syst.*, 557 F. Supp. 2d 688, 693 (E.D. Penn. 2008)); *Dunford v. Am. DataBank, LLC*, 64 F. Supp. 3d 1378, 1394 (N.D. Cal. 2014) ("In light of the remedial purpose of the Act, this order now holds that only the actual convictions may be reported and stale dismissed counts must be combed out and go unreported."); *Moran v. Screening Pros, LLC*, No. 12-57246, 2019 WL 2094300, at *7 (9th Cir. May 14, 2019) (holding that

6

dismissed criminal charges cannot be reported for more than seven years past the date of entry of the charge).

36.     Probation violations are not separate crimes and are not criminal convictions. Defendant is thus prohibited from reporting information related to probation violations when the violation antedates the report by more than seven years.

37.     Defendant's practices violate a fundamental protection afforded to consumers under the FCRA, are contrary to the unambiguous language of the statute, and are counter to longstanding judicial and regulatory guidance. *See, e.g.*, FTC, *Forty Years of Experience with the Fair Credit Reporting Act, An FTC Staff Report with Summary of Interpretations*, July 2011, at 55 ("Even if no specific adverse item is reported, a CRA may not furnish a consumer report referencing the existence of adverse information that predates the times set forth in this subsection."); *Serrano*, 557 F. Supp. 2d 688 (holding FCRA prohibits even alluding to existence of unreportable adverse information).

38.     It is standard practice for consumer reporting agencies to write algorithms "to filter out obsolete credit information." *See* https://www.consumeradvocates.org/issues/credit-reporting-problems (last visited June 17, 2019).

39.     Defendant is aware of the power of algorithms, and their usefulness in structuring consumer reports.  Defendant, consistent with standard industry practices, easily could have written an algorithm to ensure that all of its reports would exclude probation violation information older than seven years.

40.     It also could have written an algorithm to prevent probation violations from being reported as separate crimes.

41.     Defendant failed to use an appropriate algorithm to exclude non-convictions, such as the dismissed charges at issue here, in spite of the fact that it easily could have done so and that these types of algorithms are standard in the credit reporting industry.

42.     It is also standard in the consumer reporting industry for consumer reporting agencies to have a purge date for information in their system that has become outdated.  *See Gillespie v. Trans Union Corp.*, 482 F.3d 907, 908 (7th Cir. 2007).  By failing to utilize a purge date for outdated information related to probation violations and other non-criminal events, Defendant's practices and procedures fall far below industry standards and constitute recklessness.

43.     Defendant is aware of the FCRA's requirements.  Defendant has been sued multiple times for violating the FCRA related to criminal records reporting.  *See, e.g.*, *Morris v. Screening Reports, Inc.*, No. 18-cv-3150 (N.D. Ga.); *Pugh v. Screening Reports, Inc.*, No. 16-cv-9285 (N.D. Ill.); *Epps v. Screening Reports, Inc.*, No. 14-cv-495 (N.D. Ill.); *Bjelden v. Screening Reports, Inc.*, 12-cv-2815 (D. Minn.).

44.     Defendant places its business interests above the rights of consumers and reports such inaccurate, incomplete, and obsolete information because it is cheaper for Defendant to produce reports containing information that is inaccurate and outdated than it is for Defendant to exert proper quality control over the reports prior to their being provided to Defendant's customers.

45.     Defendant reports such erroneous, incomplete, and obsolete information because it wants to maximize the automation of its report creation process, thereby saving the costs associated with conducting the additional review necessary to remove the inaccurate or out-of-date entries.

46.     Accordingly, Defendant systematically and willfully violated the FCRA provisions at issue in this lawsuit.

8

## CLASS ACTION ALLEGATIONS

47. Plaintiff asserts a claim on behalf of the "Obsolete Information Class" defined as follows:

> All persons who were the subject of a background check prepared by Defendant and whose report contains one or more items of criminal information which are non-convictions, where such information antedates the report by more than seven years. Class membership begins on the date two years prior to the filing of the original Complaint in this matter and continues through the date on which the Class list is prepared.

48. Plaintiff further asserts a claim on behalf of the "Non-Criminal Probation Class" defined as follows:

> All persons who were the subject of a background check prepared by Defendant and whose report contains one or more items regarding a probation violation or similar violation related to conditions of release and the report sets forth the violation(s) as a separate entry and labels such violation(s) as a "felony," "misdemeanor," or other terms suggestive of a criminal act. Class membership begins on the date two years prior to the filing of the original Complaint in this matter and continues through the date on which the Class list is prepared.

49. Numerosity: The Classes are so numerous that joinder of all class members is impracticable. Defendant is a large, national company that issues thousands, if not hundreds of thousands, of background checks per year.

50. Commonality and Predominance: Common questions of law and fact exist as to all members of the Classes and predominate over any questions solely affecting individual members of the Classes, including without limitation:

(a)   Whether Defendant violated the FCRA by including non-conviction information that antedated the report by more than seven years;

(b)   Whether Defendant violated the FCRA by listing probation violations as separate crimes;

(c)   Whether Defendant's violations of the FCRA were willful; and

9

(d)     The proper measure of damages.

51.     Adequacy:  Plaintiff will fairly and adequately protect the interests of the Classes, and has retained counsel experienced in complex class action litigation.

52.     Appropriate method for fair and efficient adjudication of the controversy:  Class certification is appropriate under 735 ILCS 5/2-801 because questions of law and fact common to the Classes predominate over any questions affecting only individual members of the Classes, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.  Defendant's conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations of the FCRA.  Members of the Classes do not have an interest in pursuing separate actions against Defendant, as the amount of each class member's individual claim is small compared to the expense and burden of individual prosecution.  Class certification also will obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendant's practices.  Moreover, management of this action as a class action will not present any likely difficulties.  In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all class members' claims in a single forum.

### CLAIMS FOR RELIEF

### COUNT ONE:
**Violation of 15 U.S.C. § 1681c(a)**
**On Behalf of Plaintiff and the Obsolete Information Class**

53.     Plaintiff, on behalf of herself and all similarly situated individuals realleges and incorporates by reference the allegations above.

54.　　The consumer reports provided by Defendant included adverse information other than criminal conviction information antedating the reports by more than seven years in violation of 15 U.S.C. § 1681c(a).

55.　　The foregoing violations were negligent and/or willful. Defendant acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff and the Obsolete Information Class members under 15 U.S.C. § 1681c(a). In addition to the allegations set forth above, Defendant's willful conduct is reflected by, *inter alia*, the following:

a)　　The FCRA was enacted in 1970; Defendant has had years to become compliant;

b)　　Defendant is a company which specializes in furnishing consumer reports and has access to legal advice. Yet, there is no contemporaneous evidence that Defendant determined that its conduct was lawful;

c)　　Defendant could have easily established and used a computer based algorithm to filter the database from which it produces consumer reports to ensure that non-criminal information was excluded if older than seven years, but failed to employ any such algorithm to filter its reports;

d)　　Defendant's conduct is inconsistent with the FTC's longstanding regulatory guidance, judicial interpretation, and the plain language of the statute;

e)　　Despite the pellucid statutory text and there being a depth of guidance, Defendant adopted a policy of systematically reporting adverse information other than criminal convictions that antedated the report by more than seven years. By adopting such a policy, Defendant voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

11

56.     Plaintiff and the Obsolete Information Class are entitled to actual damages, statutory damages of not less than $100 and not more than $1,000 for each violation, punitive damages, and attorneys' fees. 15 U.S.C. §§ 1681n, o.

**COUNT TWO:**
**Violation of 15 U.S.C. § 1681e(b)**
**On Behalf of Plaintiff and the Non-Criminal Probation Class**

57.     Plaintiff, on behalf of herself and all similarly situated individuals realleges and incorporates by reference the allegations above.

58.     The consumer reports provided by Defendant listed non-criminal probation violations as separate criminal offenses even though probation violations and other similar violations of conditions of release are not criminal.

59.     The foregoing violations were negligent and/or willful.  Defendant acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff and the Non-Criminal Probation Class members under 15 U.S.C. § 1681e(b).  In addition to the allegations set forth above, Defendant's willful conduct is reflected by, *inter alia*, the following:

a) The FCRA was enacted in 1970; Defendant has had years to become compliant;

b) Defendant is a company which specializes in furnishing consumer reports and has access to legal advice.  Yet, there is no contemporaneous evidence that Defendant determined that its conduct was lawful;

c) Defendant could have easily established and used a computer based algorithm to filter the database from which it produces consumer reports to ensure that non-criminal probation violations were not listed as separate criminal offenses, but failed to employ any such algorithm to filter its reports;

12

d) Defendant's conduct is inconsistent with the FTC's longstanding regulatory guidance, judicial interpretation, and the plain language of the statute;

e) Despite the pellucid statutory text and there being a depth of guidance, Defendant adopted a policy of systematically reporting adverse information other than criminal convictions that antedated the report by more than seven years. By adopting such a policy, Defendant voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

60.     Plaintiff and the Non-Criminal Probation Class are entitled to actual damages, statutory damages of not less than $100 and not more than $1,000 for each violation, punitive damages, and attorneys' fees. 15 U.S.C. §§ 1681n, o.

## COUNT THREE
### 15 U.S.C. § 1681e(b)
### Individual Claim on Behalf of Plaintiff

61.     Plaintiff realleges and incorporates by reference the allegations contained in the paragraphs above.

62.     By reporting her assault conviction as a felony, Defendant negligently and willfully failed "to follow reasonable procedures to assure maximum possible accuracy" in preparing Plaintiff's consumer report. 15 U.S.C. § 1681e(b).

63.     The foregoing violations were negligent and/or willful. Defendant acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff under 15 U.S.C. § 1681e(b). In addition to the allegations set forth above, Defendant's willful conduct is reflected by, *inter alia*, the following:

a)     The FCRA was enacted in 1970; Defendant has had years to become compliant;

13

b)    Defendant is a company which specializes in furnishing consumer reports for employment purposes and has access to legal advice. Yet, there is no contemporaneous evidence that Defendant determined that its conduct was lawful;

c)    Defendant's conduct is inconsistent with the FTC's longstanding regulatory guidance, judicial interpretation, and the plain language of the statute;

d)    Despite the pellucid statutory text and there being a depth of guidance, Defendant adopted a policy of systematically reporting adverse information other than criminal convictions that antedated the report by more than seven years. By adopting such a policy, Defendant voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

e)    A cursory review of the public record demonstrates that the assault conviction was a misdemeanor.

64.    Pursuant to 15 U.S.C. § 1681o and § 1681n, Plaintiff is entitled to her actual damages, statutory damages, punitive damages, costs and attorneys' fees.

**COUNT FOUR**
**15 U.S.C. § 1681i**
**Individual Claim on Behalf of Plaintiff**

65.    Plaintiff realleges and incorporates by reference the allegations contained in the paragraphs above.

66.    After Plaintiff disputed, Defendant continued to mislabel her probation violation as a crime and reported it as a felony. Any reasonable reinvestigation would have shown that Plaintiff's probation violation was not a crime at all.

67.     The foregoing violations were negligent and/or willful.  Defendant acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff under 15 U.S.C. § 1681i.  In addition to the allegations set forth above, Defendant's willful conduct is reflected by, *inter alia*, the following:

a)      The FCRA was enacted in 1970; Defendant has had years to become compliant;

b)      Defendant is a company which specializes in furnishing consumer reports for employment purposes and has access to legal advice.  Yet, there is no contemporaneous evidence that Defendant determined that its conduct was lawful;

c)      Defendant's conduct is inconsistent with the FTC's longstanding regulatory guidance, judicial interpretation, and the plain language of the statute;

d)      Despite the pellucid statutory text and there being a depth of guidance, Defendant chose not to conduct a reasonable reinvestigation.  By doing so, Defendant voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

68.     Pursuant to 15 U.S.C. § 1681o and § 1681n, Plaintiff is entitled to her actual damages, statutory damages, punitive damages, costs and attorneys' fees.

## PRAYER FOR RELIEF

69.     WHEREFORE, Plaintiff, on behalf of herself and the Classes, prays for relief as follows:

(a)     Determining that this action may proceed as a class action under 735 ILCS 5/2- 801 of the Illinois Code of Civil Procedure;

(b)     Designating Plaintiff as a Class Representative and designating Plaintiff's counsel as counsel for the Classes;

(c)     Issuing proper notice to the Classes at Defendant's expense;

(d)     Declaring that Defendant violated the FCRA;

(e)     Declaring that Defendant acted willfully, in knowing or reckless disregard of Plaintiff's rights and its obligations under the FCRA;

(f)     Awarding statutory damages and punitive damages as provided by the FCRA;

(g)     Awarding reasonable attorneys' fees and costs as provided by the FCRA; and

(h)     Granting other and further relief, in law or equity, as this Court may deem appropriate and just.

## JURY TRIAL

70.     Pursuant to 735 ILCS 5/2-1105, Plaintiff and the Classes demand a trial by jury.

Respectfully submitted,

Dated:  June 27, 2019

/s/Richard D. Schwartz
Richard D. Schwartz (Bar No. 6323474)
DuPage Attorney No. 346098
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel. 215.875.3000
Fax: 215.875.4604
rschwartz@bm.net

John G. Albanese*
BERGER MONTAGUE PC
43 SE Main Street, Suite 505
Minneapolis, MN 55414
Tel. 612.594.5999
Fax: 612.584.4470
jalbanese@bm.net
*pro hac vice forthcoming

ATTORNEYS FOR PLAINTIFF

16



**JEAN HIBRAY** / *PARALEGAL & OFFICE MANAGER*
**d** 612.594.5995 | jhibray@bm.net

July 1, 2019

**VIA FED/EX**
Cook County Sheriff's Office
Civil Process Unit
Richard J. Daley Center
50 W. Washington Street, Room 701
Chicago, IL 60602-3002

**Re: Service of Process Request;** *Taura Brown v. Screening Reports, Inc. d/b/a BetterNOI*, **Case No. 2019L000699 (DuPage Cnty.)**

Dear Sir of Madam,

Enclosed for service please find the following documents in the above-referenced case:

1.  Summons (2 copies); and
2.  Complaint (1 copy)

Also enclosed is check no. 289 in the amount of $60.00 for the service of process fee, as well as a return-addressed FedEx envelope.

Please serve the documents on Defendant Screening Reports, Inc. d/b/a BetterNOI at the following address:

Registered Agent Joseph S. Messer
225 W Washington St., #575
Chicago, IL 60606

Please do not hesitate to contact me if there are any issues.  Thank you.

Sincerely,

*Jean Hibray*

Jean Hibray

Encl.

43 SE MAIN STREET, SUITE 505
MINNEAPOLIS, MN 55414
612.594.5999 | *BERGERMONTAGUE.COM*